MATTHEW A. CHIVVIS (CA SBN 251325)
MChivvis@mofo.com
ELIZABETH A. PATTERSON (CA SBN 286663)
EPatterson@mofo.com
JENNIFER LUH (CA SBN 319234)
JLuh@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  415.268.7000
Facsimile:  415.268.7522

Attorneys for Plaintiffs
DRISCOLL'S, INC. AND
DRISCOLL'S OF EUROPE B.V.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| DRISCOLL'S, INC.,<br><br>and<br><br>DRISCOLL'S OF EUROPE B.V.<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA BERRY CULTIVARS, LLC,<br><br>and<br><br>DOUGLAS SHAW<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF; PATENT INFRINGEMENT; INTERFERENCE; CONVERSION; UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

For their Complaint, Plaintiffs Driscoll's, Inc. and Driscoll's of Europe B.V. (collectively, "Driscoll's") allege against Defendants California Berry Cultivars, LLC ("CBC") and Dr. Douglas Shaw ("Shaw") as follows:

## THE PARTIES

1. Driscoll's, Inc. is a California corporation with its principal place of business in Watsonville, California. Driscoll's, Inc. was formerly known as Driscoll Strawberry Associates, Inc.

2. Driscoll's of Europe B.V. is a Dutch corporation with its principal place of business in Breda, the Netherlands.

3. On information and belief, CBC is a limited liability company organized under the laws of California with places of business throughout the state of California, including in French Camp, Macdoel, Oxnard, and Watsonville, California. The California Department of Food and Agriculture's Directory of Licensed Nurseries lists CBC's sales location as 298 West Bowman Road, French Camp, California.

4. On information and belief, Shaw is an individual who is a member of CBC and resides in Davis, California.

## FACTUAL BACKGROUND

5. The families who founded Driscoll's—many of whom remain involved in the company—farmed strawberries in California's Pajaro Valley since the late 1800s. What is now Driscoll's began as the Strawberry Institute of California, a private breeding program that received the first patent on a strawberry variety in 1958. To this day, Driscoll's continues to breed new berry varieties through traditional plant breeding techniques. These proprietary varieties are available only to Driscoll's independent farmer growers through a license from Driscoll's. The farmers grow the fruit to meet Driscoll's rigorous quality specifications. The fruit is then sold exclusively by Driscoll's, with Driscoll's packaging and under the Driscoll's brand.

6. As with its first patented variety in 1958, Driscoll's obtains intellectual property rights to protect its investment in developing berry varieties and to promote quality control and

brand recognition. This intellectual property protection includes "plant patents" in the United States under 35 U.S.C. § 161 and "plant breeders' rights" worldwide under the governing treaty conventions of the International Union for the Protection of New Varieties of Plants. In this way, Driscoll's is not unique. California produces approximately 90 percent of the U.S. strawberry crop, and the overwhelming majority of strawberries grown in California are patented varieties. Varieties that the University of California developed and patented are the largest contributor to California's strawberry bounty—contributing more than 50 percent of the production in California—but Driscoll's and other private plant breeding programs also have patented varieties producing fruit in the state.

7. In addition to intellectual property protection, Driscoll's uses contracts to maintain control over its proprietary strawberry varieties. Driscoll's independent farmer growers, and the nurseries that supply them, enter into agreements specifying that the varieties are owned by Driscoll's and that they only have the right to grow the varieties for sale of the fruit by Driscoll's under the Driscoll's brand. The agreements do not permit growers or nurseries to use the varieties for any other purpose, expressly exclude breeding as a permitted purpose, and prevent the growers or nurseries from transferring the varieties to others and from disclosing any proprietary information about the varieties.

8. In 2014, Shaw left the University of California at Davis, where he ran the University's strawberry breeding program, and established CBC, a private strawberry breeding company. Shaw is listed as a named inventor on plant patents for more than a dozen strawberry varieties released from the University's strawberry breeding program. On information and belief, Shaw was on notice before the founding of CBC that the use of patented varieties within a private breeding program would constitute patent infringement, and he knew or should have known that Driscoll's patented varieties could not be lawfully purchased for use in a breeding program.

9. In May 2017, a Northern District of California jury found that CBC and Shaw had committed willful patent infringement by using eleven of the University's patented varieties in CBC's breeding program without the University's permission. The jury also found that CBC and

Shaw had engaged in conversion by interfering with the University's property interests in its proprietary strawberry breeding material.

10. During that trial, witness testimony and exhibits publicly revealed that CBC had improperly used in its breeding program not only the University's proprietary strawberry varieties, but also those of Driscoll's and others. For example, breeding plans filed publicly on the Northern District of California's Case Management/Electronic Case Files ("CM/ECF") system identify that at least four Driscoll's patented varieties—Camarillo, Amesti™, Lusa™, and Marquis™—were used in CBC's breeding program. CBC may have used other Driscoll's varieties in its breeding program as well. On information and belief, Shaw prepared CBC's breeding plans and directed the use of Driscoll's proprietary strawberry varieties in these plans. On information and belief, Shaw, CBC, CBC's members or agents, and/or others acting in concert with CBC or Shaw performed crossbreeding using Driscoll's proprietary strawberry varieties. On information and belief, Shaw, CBC, CBC's members or agents, and/or others acting in concert with CBC or Shaw could not have obtained these varieties except in contravention of Driscoll's agreements with its growers and nurseries. Neither Shaw nor CBC informed Driscoll's of these activities. Driscoll's did not consent to the use of its proprietary strawberry varieties in this manner, and on information and belief, Shaw and CBC knew or should have known that Shaw, CBC, CBC's members or agents, and/or others acting in concert with CBC or Shaw were acting in contravention of Driscoll's agreements with its growers and nurseries. On information and belief, Shaw, CBC, CBC's members or agents, and/or others acting in concert with CBC or Shaw have had, and still have, possession of progeny that resulted from unauthorized crossbreeding with Driscoll's proprietary strawberry varieties within this district, including at CBC's French Camp facilities.

11. The allegations in this Complaint represent a real and immediate controversy regarding Driscoll's intellectual and tangible property rights, including its right to exclude others from unauthorized use of its proprietary strawberry varieties.

## THE PATENTS-IN-SUIT

12. U.S. Plant Patent No. 14,771 ("PP'771") is entitled "Strawberry Plant Named 'Driscoll Camarillo'" and protects Driscoll's Camarillo strawberry variety and its parts. PP'771 issued on March 11, 2004. Michael Ferguson, Amado Amorao, and Arnoldo Solis, Jr. are named as inventors and assigned their rights to Driscoll's, which has been and remains the sole assignee and owner of PP'771. A true and correct copy of PP'771 is attached as Exhibit 1.

13. U.S. Plant Patent No. 18,878 ("PP'878") is entitled "Strawberry Plant Named 'DrisStrawTwo'" and protects Driscoll's Amesti™ strawberry variety and its parts. PP'878 issued on June 3, 2008. Michael Ferguson, Bruce Mowrey, JoAnne Coss, Martin Madesko, and Amado Amorao are named as inventors and assigned their rights to Driscoll's, which has been and remains the sole assignee and owner of PP'878. A true and correct copy of PP'878 is attached as Exhibit 2.

14. U.S. Plant Patent No. 22,247 ("PP'247") is entitled "Strawberry Plant Named 'DrisStrawSixteen'" and protects Driscoll's Lusa™ strawberry variety and its parts. PP'247 issued on November 15, 2011. Michael Ferguson is named as an inventor and assigned his rights to Driscoll's, which has been and remains the sole assignee and owner of PP'247. A true and correct copy of PP'247 is attached as Exhibit 3.

15. U.S. Plant Patent No. 23,400 ("PP'400") is entitled "Strawberry Plant Named 'DrisStrawTwentySeven'" and protects Driscoll's Marquis™ strawberry variety and its parts. PP'400 issued on February 19, 2013. Michael Ferguson and Terrance Moran are named as inventors and assigned their rights to Driscoll's, which has been and remains the sole assignee and owner of PP'400. A true and correct copy of PP'400 is attached as Exhibit 4.

## JURISDICTION AND VENUE

16. The allegations in this Complaint raise federal questions under 28 U.S.C. §§ 1331 and 1338(a), including questions regarding infringement of patent rights pursuant to 35 U.S.C. §§ 163 and 271 that are under the exclusive purview of the federal courts. The remaining allegations in this Complaint involve the same common nucleus of facts as the federal question allegations.

17. Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400. On information and belief, Shaw resides within this district and CBC is incorporated in California and maintains places of business within this district. On information and belief, Shaw, CBC, CBC's members or agents, and/or others acting in concert with CBC or Shaw committed acts of infringement within this district, directed acts of infringement from within this district, and/or have in their possession, custody, or control progeny resulting from such acts within this district.

## FIRST CAUSE OF ACTION FOR
## DECLARATORY RELIEF AGAINST CBC AND SHAW

18. Plaintiff Driscoll's hereby realleges and incorporates by reference each and every allegation contained in paragraphs 1–17, inclusive, as though fully set forth herein.

19. An actual controversy has arisen and now exists between CBC and Shaw, on the one hand, and Driscoll's, on the other hand, as to the use, importation, and benefit from Driscoll's proprietary strawberry varieties and any progeny thereof and the ownership and disposition of any such progeny. This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

20. Driscoll's seeks a declaratory judgment confirming that (1) unauthorized use (including any breeding program use), importation, and/or propagation (sexual or asexual) of Driscoll's patented varieties or their parts by Shaw, CBC, CBC's members or agents, and/or others acting in concert with CBC or Shaw constitutes patent infringement; (2) Driscoll's is the rightful owner of the intellectual and tangible property rights in its proprietary strawberry varieties and any progeny thereof in the possession of Shaw, CBC, CBC's members or agents, and/or others acting in concert with CBC or Shaw that could not have been created but for the unauthorized use of those varieties; and (3) Shaw, CBC, CBC's members or agents, and/or others acting in concert with CBC or Shaw are not bona fide purchasers (or licensees) for value of Driscoll's proprietary strawberry varieties.

## SECOND CAUSE OF ACTION FOR

## INFRINGEMENT OF U.S. PLANT PATENT NO. 14,771

## AGAINST CBC AND SHAW

21. Driscoll's hereby realleges and incorporates by reference each and every allegation contained in paragraphs 1–20, inclusive, as though fully set forth herein.

22. CBC and Shaw have infringed and continue to infringe PP'771 in violation of 35 U.S.C. §§ 163 and 271.

23. Defendants' unlicensed and unauthorized acts of infringement include (1) direct infringement by using, importing, and/or asexually reproducing Camarillo, and/or a part thereof (such as its seeds); (2) direct infringement by exercising control over and putting Camarillo, and/or a part thereof, into service from within the United States, where Camarillo, and/or the part thereof, was physically located outside the United States, and receiving the benefit of the use in the United States; (3) causing Camarillo, and/or a part thereof, to be supplied from the United States in such a manner as to actively induce the use, importation, and/or asexual reproduction of Camarillo, and/or a part thereof, with itself or another strawberry variety; and/or (4) indirect infringement by inducing or contributing to the infringement of third parties that used, imported, and/or asexually reproduced Camarillo, and/or a part thereof.

24. Such infringement has been, and continues to be, willful. On information and belief, CBC and Shaw knew of, should have known of, or were willfully blind to the existence of PP'771 and the acts alleged herein that support a finding of infringement, as evidenced by, e.g., their internal practices, past conduct, general knowledge of Camarillo, and acts to obtain Camarillo without Driscoll's permission. They proceeded despite an objectively high likelihood that a court would find such use to be infringing.

25. As a result of Defendants' infringement of PP'771, Driscoll's has been irreparably harmed and will continue to be harmed unless Shaw, CBC, CBC's members or agents, and/or others acting in concert with CBC or Shaw are enjoined from infringing PP'771 and dispossessed of any of the fruits of their infringement, including any progeny of Camarillo in their possession, custody, or control.

# THIRD CAUSE OF ACTION FOR
# INFRINGEMENT OF U.S. PLANT PATENT NO. 18,878
# AGAINST CBC AND SHAW

26. Driscoll's hereby realleges and incorporates by reference each and every allegation contained in paragraphs 1–25, inclusive, as though fully set forth herein.

27. CBC and Shaw have infringed and continue to infringe PP'878 in violation of 35 U.S.C. §§ 163 and 271.

28. Defendants' unlicensed and unauthorized acts of infringement include (1) direct infringement by using, importing, and/or asexually reproducing Amesti$^{TM}$, and/or a part thereof (such as its seeds); (2) direct infringement by exercising control over and putting Amesti$^{TM}$, and/or a part thereof, into service from within the United States, where Amesti$^{TM}$, and/or the part thereof, was physically located outside the United States, and receiving the benefit of the use in the United States; (3) causing Amesti$^{TM}$, and/or a part thereof, to be supplied from the United States in such a manner as to actively induce the use, importation, and/or asexual reproduction of Amesti$^{TM}$, and/or a part thereof, with itself or another strawberry variety; and/or (4) indirect infringement by inducing or contributing to the infringement of third parties that used, imported, and/or asexually reproduced Amesti$^{TM}$, and/or a part thereof.

29. Such infringement has been, and continues to be, willful. On information and belief, CBC and Shaw knew of, should have known of, or were willfully blind to the existence of PP'878 and the acts alleged herein that support a finding of infringement, as evidenced by, e.g., their internal practices, past conduct, general knowledge of Amesti$^{TM}$, and acts to obtain Amesti$^{TM}$ without Driscoll's permission. They proceeded despite an objectively high likelihood that a court would find such use to be infringing.

30. As a result of Defendants' infringement of PP'878, Driscoll's has been irreparably harmed and will continue to be harmed unless Shaw, CBC, CBC's members or agents, and/or others acting in concert with CBC or Shaw are enjoined from infringing PP'878 and dispossessed of any of the fruits of their infringement, including any progeny of Amesti$^{TM}$ in their possession, custody, or control.

# FOURTH CAUSE OF ACTION FOR

# INFRINGEMENT OF U.S. PLANT PATENT NO. 22,247

# AGAINST CBC AND SHAW

31. Driscoll's hereby realleges and incorporates by reference each and every allegation contained in paragraphs 1–30, inclusive, as though fully set forth herein.

32. CBC and Shaw have infringed and continue to infringe PP'247 in violation of 35 U.S.C. §§ 163 and 271.

33. Defendants' unlicensed and unauthorized acts of infringement include (1) direct infringement by using, importing, and/or asexually reproducing Lusa$^{TM}$, and/or a part thereof (such as its seeds); (2) direct infringement by exercising control over and putting Lusa$^{TM}$, and/or a part thereof, into service from within the United States, where Lusa$^{TM}$, and/or the part thereof, was physically located outside the United States, and receiving the benefit of the use in the United States; (3) causing Lusa$^{TM}$, and/or a part thereof, to be supplied from the United States in such a manner as to actively induce the use, importation, and/or asexual reproduction of Lusa$^{TM}$, and/or a part thereof, with itself or another strawberry variety; and/or (4) indirect infringement by inducing or contributing to the infringement of third parties that used, imported, and/or asexually reproduced Lusa$^{TM}$, and/or a part thereof.

34. Such infringement has been, and continues to be, willful.  On information and belief, CBC and Shaw knew of, should have known of, or were willfully blind to the existence of PP'247 and the acts alleged herein that support a finding of infringement, as evidenced by, e.g., their internal practices, past conduct, general knowledge of Lusa$^{TM}$, and acts to obtain Lusa$^{TM}$ without Driscoll's permission.  They proceeded despite an objectively high likelihood that a court would find such use to be infringing.

35. As a result of Defendants' infringement of PP'247, Driscoll's has been irreparably harmed and will continue to be harmed unless Shaw, CBC, CBC's members or agents, and/or others acting in concert with CBC or Shaw are enjoined from infringing PP'247 and dispossessed of any of the fruits of their infringement, including any progeny of Lusa$^{TM}$ in their possession, custody, or control.

## FIFTH CAUSE OF ACTION FOR

## INFRINGEMENT OF U.S. PLANT PATENT NO. 23,400

## AGAINST CBC AND SHAW

36. Driscoll's hereby realleges and incorporates by reference each and every allegation contained in paragraphs 1–35, inclusive, as though fully set forth herein.

37. CBC and Shaw have infringed and continue to infringe PP'400 in violation of 35 U.S.C. §§ 163 and 271.

38. Defendants' unlicensed and unauthorized acts of infringement include (1) direct infringement by using, importing, and/or asexually reproducing Marquis™, and/or a part thereof (such as its seeds); (2) direct infringement by exercising control over and putting Marquis™, and/or a part thereof, into service from within the United States, where Marquis™, and/or the part thereof, was physically located outside the United States, and receiving the benefit of the use in the United States; (3) causing Marquis™, and/or a part thereof, to be supplied from the United States in such a manner as to actively induce the use, importation, and/or asexual reproduction of Marquis™, and/or a part thereof, with itself or another strawberry variety; and/or (4) indirect infringement by inducing or contributing to the infringement of third parties that used, imported, and/or asexually reproduced Marquis™, and/or a part thereof.

39. Such infringement has been, and continues to be, willful. On information and belief, CBC and Shaw knew of, should have known of, or were willfully blind to the existence of PP'400 and the acts alleged herein that support a finding of infringement, as evidenced by, e.g., their internal practices, past conduct, general knowledge of Marquis™, and acts to obtain Marquis™ without Driscoll's permission. They proceeded despite an objectively high likelihood that a court would find such use to be infringing.

40. As a result of Defendants' infringement of PP'400, Driscoll's has been irreparably harmed and will continue to be harmed unless Shaw, CBC, CBC's members or agents, and/or others acting in concert with CBC or Shaw are enjoined from infringing PP'400 and dispossessed of any of the fruits of their infringement, including any progeny of Marquis™ in their possession, custody, or control.

# SIXTH CAUSE OF ACTION FOR
# INTENTIONAL INTERFERENCE WITH A CONTRACT
# AGAINST CBC AND SHAW

41. Driscoll's hereby realleges and incorporates by reference each and every allegation contained in paragraphs 1–40, inclusive, as though fully set forth herein.

42. Driscoll's has valid express and implied contracts with its growers and nurseries in the United States and abroad that forbid, e.g., (1) the sale or transfer of Driscoll's proprietary strawberry varieties to third parties and (2) their use for any plant breeding purpose not authorized by Driscoll's, including crossbreeding by third parties.

43. On information and belief, CBC and Shaw knew or should have known of Driscoll's contractual relationship with its growers and nurseries.

44. On information and belief, Shaw, CBC, CBC's members or agents, and/or others acting in concert with CBC or Shaw have intentionally interfered with the contractual relationship between Driscoll's and one or more of its growers or nurseries through acts intended and designed to induce breach and/or disruption of said contractual relationship—including by, e.g., depriving Driscoll's of the exclusive benefit from the genetics of its proprietary strawberry varieties and contravening the express terms of the contract. On information and belief, such a breach and/or disruption actually occurred, harming Driscoll's economic interests.

45. Based on the foregoing, Driscoll's was harmed, and on information and belief, the actions of CBC and Shaw were a substantial factor in causing that harm.

# SEVENTH CAUSE OF ACTION FOR
# CONVERSION AGAINST CBC AND SHAW

46. Driscoll's hereby realleges and incorporates by reference each and every allegation contained in paragraphs 1–45, inclusive, as though fully set forth herein.

47. Driscoll's had and continues to have ownership rights and rights to possession of its proprietary strawberry varieties, including intellectual and tangible property rights.

48. On information and belief, CBC and Shaw intentionally and wrongfully exercised control over Driscoll's proprietary strawberry varieties and/or intentionally and substantially

interfered with Driscoll's property rights.  For example, Shaw, CBC, CBC's members or agents, and/or others acting in concert with CBC or Shaw took possession of Driscoll's proprietary strawberry varieties and/or used them for crossbreeding purposes without Driscoll's consent.  These acts contravened Driscoll's existing contractual restrictions on the use of its proprietary strawberry varieties.  Driscoll's had a right to possess, and/or maintain ownership of, its proprietary strawberry varieties at the time of Defendants' wrongful exercise of control over Driscoll's proprietary strawberry varieties and/or Defendants' interference with Driscoll's property rights.

49. Based on the foregoing, Driscoll's suffered harm to its contractual relationships and its economic interests.  On information and belief, the actions of CBC and Shaw were a substantial factor in causing that harm.

## EIGHTH CAUSE OF ACTION FOR

## UNFAIR COMPETITION AGAINST CBC AND SHAW

50. Driscoll's hereby realleges and incorporates by reference each and every allegation contained in paragraphs 1–49, inclusive, as though fully set forth herein.

51. The actions of CBC and Shaw—e.g., use by Shaw, CBC, CBC's members or agents, and/or others acting in concert with CBC or Shaw of Driscoll's proprietary strawberry varieties to further CBC's own breeding program—constitute unlawful, unfair, and/or deceptive business acts or practices under California Business and Professions Code § 17200 et seq.

52. CBC and Shaw have engaged in numerous unlawful, unfair, and/or deceptive business acts or practices, including, e.g., infringement of Driscoll's plant patents relating to at least the Camarillo, Amesti™, Lusa™, and Marquis™ varieties, interference with Driscoll's express and implied contracts with its growers and nurseries, and conversion of Driscoll's proprietary strawberry varieties.  Shaw, CBC, CBC's members or agents, and/or others acting in concert with CBC or Shaw obtained Driscoll's proprietary strawberry varieties by means of these unlawful, unfair, and/or deceptive business practices to the detriment of Driscoll's and to the benefit of CBC and Shaw.  Driscoll's was irreparably harmed as a proximate result of Defendants' unlawful, unfair, and/or deceptive acts or practices, and unless Shaw, CBC, CBC's

members or agents, and/or others acting in concert with CBC or Shaw are enjoined, Driscoll's will continue to suffer harm.

**PRAYER FOR RELIEF**

WHEREFORE, Driscoll's prays for judgment as follows:

1. A declaration confirming that (1) unauthorized use (including any breeding program use), importation, and/or propagation (sexual or asexual) of Driscoll's patented varieties or their parts by Shaw, CBC, CBC's members or agents, and/or others acting in concert with CBC or Shaw constitutes patent infringement; (2) Driscoll's is the rightful owner of the intellectual and tangible property rights in its proprietary strawberry varieties and any progeny thereof in the possession of Shaw, CBC, CBC's members or agents, and/or others acting in concert with CBC or Shaw that could not have been created but for the unauthorized use of those varieties; and (3) Shaw, CBC, CBC's members or agents, and/or others acting in concert with CBC or Shaw are not bona fide purchasers (or licensees) of Driscoll's proprietary strawberry varieties;

2. An injunction forbidding Shaw, CBC, CBC's members or agents, and/or others acting in concert with CBC or Shaw from any unlicensed making, using (including any breeding program use), propagating (whether asexually or sexually), selling, offering for sale, importing, or exporting of Driscoll's patented varieties and/or any progeny thereof, and requiring that Shaw, CBC, CBC's members or agents, and/or others acting in concert with CBC or Shaw be dispossessed of Driscoll's patented varieties and/or any progeny thereof;

3. A constructive trust for transferring to Driscoll's any intellectual and tangible property relating to any Driscoll's proprietary strawberry varieties and any progeny thereof in the possession, custody, or control of Shaw, CBC, CBC's members or agents, and/or others acting in concert with CBC or Shaw, and an order requiring the execution of any necessary assignments to effect such transfer;

4. Damages under 35 U.S.C. §§ 284 and 285 in an amount to be proven at trial;

5. General and special damages in an amount to be proven at trial;

6. A finding of willfulness and punitive, exemplary, and enhanced damages and any other damages authorized by law;

7. Restitution and disgorgement of Defendants' unjust enrichment, in an amount to be proven at trial;

8. Attorney fees and costs of suit;

9. Prejudgment and post-judgment interest as authorized by law; and

10. Such other and further relief as the Court may deem proper.

**DEMAND FOR JURY TRIAL**

Driscoll's demands a trial by jury as to all issues so triable.

Dated: March 20, 2019                    MORRISON & FOERSTER LLP

By:  */s/ Matthew A. Chivvis*
     Matthew A. Chivvis

Attorneys for Plaintiffs
DRISCOLL'S, INC. AND
DRISCOLL'S OF EUROPE B.V.