UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRISCOLL'S INC. and DRISCOLL'S OF EUROPE B.V., <br><br> Plaintiffs, <br><br> v. <br><br> CALIFORNIA BERRY CULTIVARS, LLC and DOUGLAS SHAW, <br><br> Defendants. | No. 2:19-cv-00493-TLN-CKD <br><br><br> **ORDER** |

This matter is before the Court on Defendants California Berry Cultivars, LLC ("CBC") and Douglas Shaw's ("Shaw") (collectively, "Defendants") Request for Reconsideration. (ECF No. 48.) The motion is fully briefed. (ECF Nos. 50, 54.) Also before the Court is Defendant's *Ex Parte* Application for a Stay of Discovery. (ECF No. 51.) Plaintiffs Driscoll's Inc. and Driscoll's of Europe B.V. (collectively, "Driscoll's") filed an opposition. (ECF No. 52.) For the reasons set forth below, Defendants' request is DENIED and their *ex parte* application is DENIED as moot.

///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND[1]

Driscoll's is a holder of strawberry patents who allege patent infringement by Defendants. After this Court granted Defendants' first motion to dismiss (ECF No. 32), Driscoll's filed its First Amended Complaint ("FAC") on August 5, 2021, alleging the following claims: (1) declaratory relief in the form of a judgment from this Court; (2) infringement of U.S. Plant Patent No. 14,771 ("Camarillo"); (3) infringement of U.S. Plant Patent No. 18,878 ("Amesti™"); (4) infringement of U.S. Plant Patent No. 22,247 ("Lusa™"); (5) infringement of U.S. Plant Patent No. 23,400 ("Marquis™"); (6) intentional interference with a contract; and (7) unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200–17210. (*See* ECF No. 33.)

With respect to discovery, the magistrate judge initially issued an order on October 1, 2019, compelling Defendants to allow entry on their fields for sampling at all five requested facility and that Driscoll's was permitted to perform DNA extraction and analysis to determine the genetic heritage of all varieties sampled. (ECF No. 22.) The magistrate judge also ordered "that the remainder of the parties' discovery be stayed until the motion to dismiss is ruled upon." (*Id.* at 2.) Accordingly, when the Court decided Defendants' first motion to dismiss on July 6, 2021, the stay automatically lifted. Defendants subsequently filed a motion to stay discovery (ECF No. 39), which the magistrate judge denied on October 22, 2021 (ECF No. 44). Defendants filed the instant request for reconsideration on November 5, 2021. (ECF No. 48.)

### II. STANDARD OF LAW

The standard of review on a motion for reconsideration of a magistrate judge's ruling on a non-dispositive matter is "clearly erroneous or contrary to law." *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); E.D. Cal. L.R. 303(f). Under that standard, "[a] party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision." *Martinez v. Lawless*, No. 1:12-cv-01301-LJO-SKO (PC), 2015 WL 5732549, at *1 (E.D. Cal. Sept. 29, 2015) (citing *Kern-Tulare Water Dist. v. City of Bakersfield*,

---

[1] The Court need not recount all background facts here as they are set forth fully in the Court's July 6, 2021 Order granting in part and denying in part Defendant's motion to dismiss (ECF No. 32) and the magistrate judge's October 22, 2021 Order denying Defendant's motion to stay discovery (ECF No. 44).

2

634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987)).  Indeed, the court must accept the magistrate judge's decision unless it has a "definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Const. Laborers Pension Trust for So. Cal.* (*Concrete Pipe*), 508 U.S. 602, 622 (1993); *Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir. 2002).  Hence, the standard is "significantly deferential." *Concrete Pipe*, 508 U.S. at 623.

The magistrate judge's decisions on dispositive issues are reviewed *de novo*.  *See Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Cochran v. Aguirre*, No. 1:15-cv-01092-AWI-SAB (PC), 2017 WL 2505230, at *1 (E.D. Cal. Jun. 9, 2017) (internal citation and quotations omitted).  However, the district court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991).  Rather, "a magistrate judge's decision is contrary to law only where it runs counter to controlling authority." *Pall Corp. v. Entegris, Inc.*, 655 F. Supp. 2d 169, 172 (E.D. N.Y. 2008).  Consequently, "a magistrate judge's order simply cannot be contrary to law when the law itself is unsettled." *Id.* (internal citation and quotations omitted).

Further, where the motion for reconsideration pertains to an order granting or denying a prior motion, Local Rule 230(j) requires the moving party to "[identify] what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and [explain] why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)–(4).

### III.   ANALYSIS

Defendants argue the magistrate judge's ruling "is contrary to the plain language of the plant patent statute" as the statute "is clear that it only precludes one other than the patentee from asexually reproducing the patented plant and from using, offering for sale, selling or importing the plant 'so reproduced.'" (ECF No. 48 at 7 (citing 35 U.S.C. § 163).)  Defendants maintain "so reproduced" means "asexual reproduction by another [—] in other words, use, sale, and offering for sale of a plant constitute an infringement only where the user, seller, or offeror also asexually

3

reproduced the plant." (*Id.* at 7–8.) Defendants therefore conclude, that "where the asexual reproduction is performed by third party A, there can be no liability against third party B who thereafter uses that plant for some purpose, because the plant being used was not "so reproduced" by third party B." (*Id.* at 8 (emphasis omitted).) Defendants contend the magistrate judge's interpretation of this Court's July 6, 2021 Order is that "mere use alone is enough to constitute infringement, without regard to the origin of the plant," which "ignores the language of the statute that requires asexual reproduction by 'others,' and that further requires the 'use' to be by the 'others' that first asexually reproduced the plant." (*Id.* at 9.) Defendants argue the magistrate judge's order "misreads the law where it states that the cases relied upon by this Court do not require that the accused infringer be the same party that asexually reproduced the plant," as the cases "deal with a situation in which the asexual reproduction is alleged to have been done by the defendant." (*Id.* (citing *Cal. Table Grape Comm'n v. RB Sandrini, Inc.*, No. 1:06-cv-00842-OWW-TAG, 2007 WL 1847631 (E.D. Cal. Jun. 27, 2007); *Imazio Nursery, Inc. v. Dania Greenhouses*, 69 F.3d 1560, 1569 (Fed. Cir. 1995)).)

In opposition, Driscoll's asserts Defendants' argument is premised on an incorrect interpretation of the plant patent statute because it would render meaningless infringement by "the use, offers for sale, sell[ing], and importation prongs of the statute."[2] (ECF No. 50 at 8–9.) Driscoll's argues neither *Imazio* nor *Cal. Table Grape Comm'n* support Defendants' interpretation, as the court in the former "found that infringement requires a showing that the allegedly infringing plant was asexually reproduced from the patented plant, and that simply sharing essential characteristics is insufficient" and the court in the latter "analyzed what qualified as 'use' under the patent statute because [the defendant] had asexually reproduced the patented plants prior to issuance of patent." (*Id.* at 10.) Driscoll's notes that even if Defendants' interpretation were accepted, the magistrate judge found that Driscoll's adequately pleads in the

---

[2] The text of the plant patent statute provides: "In the case of a plant patent, the grant shall include the right to exclude others from asexually reproducing the plant, and from using, offering for sale, or selling the plant so reproduced, or any of its parts, throughout the United States, or from importing the plant so reproduced, or any parts thereof, into the United States." 35 U.S.C. § 163.

FAC that "[D]efendants themselves did in fact reproduce Driscoll's patented varieties," as "Defendants grew and asexually propagated [the patented plants], again without authorization, by cutting runners, storing those runners, and replanting them on an annual basis." (*Id.* at 8 (citing ECF No. 44 at 14; ECF No. 33 ¶¶ 24, 25).)

In reply, Defendants provide the legislative history of the plant patent statute and contend that the amendments made in 1998 indicates that the International Convention for the Protection of New Varieties of Plants ("UPOV") allows for the use of patented plants in cross-breeding programs and the plant patent statute was amended to harmonize with UPOV. (ECF No. 54 at 3–5.)

As an initial matter, the Court finds that Defendants fail to identify any new or different circumstances as required under Local Rule 230(j) to warrant reconsideration. E.D. Cal. L.R. 230(j)(3)–(4). The Court finds that the magistrate judge carefully went through whether Defendants' pending motion would be potentially dispositive of the entire case by evaluating its likelihood of success. (ECF No. 44 at 11–15.) With respect to the patent infringement claims, the magistrate judge concluded that the FAC sufficiently states a claim. (*Id.* at 11.)

Specifically, the magistrate judge noted that the cases this Court cited in its July 6, 2021 Order acknowledge that the patent holder's burden is to show "that the infringing plant is an asexual reproduction of the patented plant . . . not that the alleged infringer performed the asexual reproduction." (*Id.* at 13 (citing *Imazio*, 69 F.3d at 1569; *Cal. Table Grape Comm'n*, 2007 WL 1847631, at *17).) The Court agrees with the magistrate judge's interpretation of these cases. Additionally, the magistrate judge correctly stated that "the FAC contains several new paragraphs spelling out how [D]efendants obtained Driscoll's plants without authorization and '"used . . . asexually reproduced [patented] plants in their breeding program' by crossbreeding them." (*Id.* (citing ECF No. 33 ¶¶ 10, 24).) The Court agrees with the magistrate judge's conclusion that other cases "have found similar conduct to constitute infringing 'use.'" (*Id.*)

Most importantly, even if the Court were to accept Defendants' interpretation, the magistrate judge correctly noted that the FAC "now includes the requested 'further factual allegations' that [D]efendants themselves did in fact reproduce Driscoll's patented varieties by

'asexually propagat[ing] them' by (1) 'cutting runners, storing those runners, and replanting them on an annual basis,' and (2) 'divid[ing] other parts of asexually reproduced' Driscoll's plants by removing the fruit from the plants and processing it." (*Id.* at 14 (citing ECF No. 33 ¶¶ 24, 25).) The magistrate judge is further correct that "[r]eplacing cuttings from a patented plant qualifies as asexually reproducing that plant." (*Id.* (citing *Imazio*, 69 F.3d at 1566.))

The Court agrees with the magistrate judge's conclusion that, based on the foregoing, it is likely that Driscoll's will be able to state a claim that Defendants either "asexually reproduce[d]" Driscoll's patented plants or "use[d] . . . the plant so reproduced" and, accordingly, it is unlikely that the action "is likely to be entirely dismissed at the pleadings stage." (*Id.* at 14–15.) As Defendants failed to show that its pending motion to dismiss would be dispositive of the entire case — the first prong of the test used to determine whether a court should grant a motion to stay, *see Mlejnecky v. Olympus Imaging Am. Inc.*, No. 2:10-cv-02630-JAM-KJN, 2011 WL 489743, at *6 (E.D. Cal. 2011) — the magistrate judge properly denied Defendants' motion to stay. Accordingly, the Court is not persuaded that the magistrate judge's denial of the motion to stay discovery was "clearly erroneous or contrary to law." *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); E.D. Cal. L.R. 303(f).

### IV. CONCLUSION

For the foregoing reasons, Defendants' Request for Reconsideration (ECF No. 48) is hereby DENIED and Defendants' *Ex Parte* Application for a Stay of Discovery (ECF No. 51) is hereby DENIED as moot.

IT IS SO ORDERED.

**DATED: December 17, 2021**

Troy L. Nunley
United States District Judge