UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRISCOLL'S INC. and DRISCOLL'S OF EUROPE B.V., | No. 2:19-cv-00493-TLN-CKD |
| Plaintiffs, | |
| v. | **ORDER** |
| CALIFORNIA BERRY CULTIVARS, LLC and DOUGLAS SHAW, | |
| Defendants. | |

This matter is before the Court pursuant to Defendants California Berry Cultivars, LLC ("CBC") and Douglas Shaw's ("Shaw") (collectively, "Defendants") Motion to Dismiss and Motion to Strike.  (ECF No. 34.)  Plaintiffs Driscoll's Inc. and Driscoll's of Europe B.V. (collectively, "Driscoll's"[1]) oppose Defendants' motions.  (ECF No. 36.)  Defendants have filed a reply.  (ECF No. 37.)  Having carefully considered the briefing filed by both parties, the Court hereby GRANTS in part and DENIES in part Defendants' Motion to Dismiss and Motion to Strike.  (ECF No. 34.)

///

---

[1]      The singular "Driscoll's" is how Plaintiffs Driscoll's Inc. and Driscoll's of Europe B.V. refer to themselves in their First Amended Complaint ("FAC") and thus how the Court refers to them in this Order.

1    **I.      FACTUAL AND PROCEDURAL BACKGROUND**

2          Driscoll's is a holder of strawberry patents who alleges patent infringement by

3    Defendants.  Driscoll's began as the Strawberry Institute of California and received the first

4    patent on a strawberry variety in 1958.  (ECF No. 33 at ¶ 5.)  Driscoll's continues to breed new

5    berry varieties today, which are grown by independent farmer growers and then sold exclusively

6    by Driscoll's.  (*Id.*)  Driscoll's uses contracts "to maintain control over its proprietary strawberry

7    varieties," which specify farmers "only have the right to grow the varieties for sale of the fruit by

8    Driscoll's under Driscoll's brand."  (*Id.* at ¶ 7.)  The contracts "do not permit growers or nurseries

9    to use the varieties for any other purpose, expressly exclude breeding as a permitted purpose, and

10   prevent the growers of nurseries from transferring the varieties to others and from disclosing any

11   proprietary information about the varieties."  (*Id.*)

12         Shaw left the University of California, Davis in 2014 and established CBC, a private

13   strawberry breeding program.  (*Id.* at ¶ 8.)  Shaw and CBC were defendants in a related Northern

14   District case known as *Regents of the Univ. of Cal. v. Cal. Berry Cultivars, LLC*, No. 16-CV-

15   02477-VC, 2017 WL 9531948 (N.D. Cal. Apr. 27, 2017).  In May 2017, a jury in the Northern

16   District of California found Defendants "committed willful patent infringement by using eleven

17   of the [University of California's] patented varieties in CBC's breeding program without the

18   University's permission" and also "engaged in conversion by interfering with the University's

19   property interests in its proprietary strawberry breeding material."  (*Id.* at ¶ 9.)  Driscoll's alleges

20   witnesses and exhibits revealed during the trial that CBC had not only improperly used the

21   University's proprietary strawberry varieties in its breeding program, but also those of Driscoll's

22   and others.  (*Id.* at ¶ 10.)  Specifically, "at least four Driscoll's patented varieties —

23   Camarillo[™], Amesti™, Lusa™, and Marquis™ — were used in CBC's breeding program."

24   (*Id.*)

25         Driscoll's alleges "Shaw prepared CBC's breeding plans and directed the use of Driscoll's

26   proprietary strawberry varieties in these plans" and "CBC or Shaw could not have obtained these

27   varieties except in contravention of Driscoll's agreements with its growers and nurseries."  (*Id.*)

28   Driscoll's alleges "Shaw, CBC, CBC's members or agents, and/or others acting in concert with

1  CBC or Shaw have had, and still have, possession of progeny that resulted from unauthorized

2  crossbreeding with Driscoll's proprietary strawberry varieties within this district, including at

3  CBC's French Camp facilities." (*Id.*)

4        On March 29, 2019, Driscoll's filed the instant action with this Court. (ECF No. 1.) On

5  July 6, 2021, this Court granted in part and denied in part Defendants' motion to dismiss the

6  Complaint. (ECF No. 32.) On August 5, 2021, Driscoll's filed the operative FAC. (ECF No.

7  33.) Driscoll's seeks declaratory relief, injunctive relief, a constructive trust, damages,

8  restitution, and attorneys' fees. (*Id.* at 22–23.) On August 19, 2021, Defendants filed a motion to

9  dismiss and motion to strike. (ECF No. 34.) On September 16, 2021, Driscoll's filed an

10  opposition (ECF No. 36), and on September 23, 2021, Defendants filed a reply. (ECF No. 37.)

11      **II.**    **STANDARD OF LAW**

12          A.    <u>Motion to Dismiss</u>

13        A motion to dismiss for failure to state a claim upon which relief can be granted under

14  Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint.

15  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain

16  "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

17  Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in

18  federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the

19  grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal

20  citation and quotations omitted). "This simplified notice pleading standard relies on liberal

21  discovery rules and summary judgment motions to define disputed facts and issues and to dispose

22  of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

23        On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

24  *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every

25  reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail*

26  *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege

27  "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

28  relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Thus, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355, F.3d 1179, 1183 (9th Cir. 2004) (citations omitted).  Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680.  While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed.  *Id.* at 680 (internal quotations omitted).

In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (the court need not accept as true

1  allegations that contradict matters properly subject to judicial notice).

2       If a complaint fails to state a plausible claim, "'[a] district court should grant leave to

3  amend even if no request to amend the pleading was made, unless it determines that the pleading

4  could not possibly be cured by the allegation of other facts.'"  *Lopez v. Smith*, 203 F.3d 1122,

5  1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995));

6  *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

7  denying leave to amend when amendment would be futile).  Although a district court should

8  freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to

9  deny such leave is 'particularly broad' where the plaintiff has previously amended its

10  complaint[.]"  *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir.

11  2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

12                    B.       Motion to Strike

13       Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any

14  redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  A court will

15  only consider striking a defense or allegation if it fits within one of these five categories.  *Yursik*

16  *v. Inland Crop Dusters Inc.*, No. CV-F-11-01602-LJO-JLT, 2011 WL 5592888, at *3 (E.D. Cal.

17  Nov. 16, 2011) (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973–74 (9th Cir.

18  2010)).  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money

19  that must arise from litigating spurious issues by dispensing with those issues prior to trial."

20  *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  However, Rule 12(f)

21  motions are "generally regarded with disfavor because of the limited importance of pleading in

22  federal practice, and because they are often used as a delaying tactic."  *Neilson v. Union Bank of*

23  *Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003).  "Ultimately, whether to grant a motion

24  to strike lies within the sound discretion of the district court."  *Id.*  Unless it would prejudice the

25  opposing party, courts freely grant leave to amend stricken pleadings.  *Foman v. Davis*, 371 U.S.

26  178, 182 (1962); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); see also Fed. R.

27  Civ. P. 15(a)(2).  If the court is in doubt as to whether the challenged matter may raise an issue of

28  fact or law, the motion to strike should be denied, leaving the assessment of the sufficiency of the

5

1    allegations for adjudication on the merits after proper development of the factual nature of the

2    claims through discovery.  *See generally Whittlestone, Inc.*, 618 F.3d at 974–75.

3        Where a defendant seeks to challenge the sufficiency of factual allegations in a complaint,

4    it must do so through a Rule 12(b)(6) motion, not a Rule 12(f) motion.  *Kelley v. Corr. Corp. of*

5    *Am.*, 750 F. Supp. 2d 1132, 1146 (E.D. Cal. 2010) (citing *Consumer Sols. REO, LLC v. Hillery*,

6    658 F. Supp. 2d 1002, 1020 (N.D. Cal. 2009)).  "[W]here a motion is in substance a Rule 12(b)(6)

7    motion, but is incorrectly denominated as a Rule 12(f) motion, a court may convert the

8    improperly designated 12(f) motion into a Rule 12(b)(6) motion."  *Id.* (citing *Consumer Sols.*

9    *REO, LLC*, 658 F. Supp. 2d at 1021).

10       **III.    ANALYSIS**

11       The FAC alleges the following claims: (1) declaratory relief in the form of a judgment

12   from this Court; (2) infringement of U.S. Plant Patent No. 14,771 ("Camarillo"); (3) infringement

13   of the U.S. Plant Patent No. 18,878 ("Amesti"); (4) infringement of U.S. Plant Patent No. 22,247

14   ("Lusa"); (5) infringement of U.S. Plant Patent No. 23,400 ("Marquis"); (6) intentional

15   interference with a contract; and (7) unfair competition in violation of Cal. Bus. & Prof. Code §§

16   17200–17210.  (*See* ECF No. 33.)  Defendants move to dismiss Claims Two through Five for

17   failure to state a claim upon which relief may be granted and move to strike or dismiss Claims

18   One and Seven as "redundant."  (*See* ECF No. 34.)  The Court will first evaluate the claims

19   Defendants move to dismiss — Claims Two through Five together (as Defendants make

20   overlapping arguments regarding the patent infringement claims) and Six.  The Court will then

21   evaluate the claims Defendants move to strike or dismiss — Claims Seven and One.

22              A.    Claims Two Through Five: Patent Infringement

23       Driscoll's alleges Defendants "have infringed and continue to infringe" Camarillo™,

24   Amesti™, Lusa™, and Marquis™ "in violation of 35 U.S.C. §§ 163 and 271."  (ECF No. 33 ¶¶

25   22, 31, 40, 49.)  Defendants argue Claims Two through Five: (1) fail to allege who owns the

26   patents allegedly infringed; (2) there is no plausible allegation that Defendants asexually

27   reproduced a plant; (3) Driscoll's fails to allege indirect infringement; and (4) the allegations

28   against Shaw fail as a matter of law.  The Court will first address the issue of ownership

6

1  (Defendants' first argument), then address whether the claim is adequately pleaded (Defendants'

2  second and third arguments), and finally evaluate whether the allegations against Shaw are

3  sufficient (Defendants' fourth argument).

4                              *i.*        *Ownership of the Patents at Issue*

5           Defendants first argue a lack of standing, as Driscoll's "provides insufficient allegations

6  as to who owns the patents, or if standing is based on a license, the nature of the license, such that

7  Driscoll's fails to allege facts to support standing." (ECF No. 35 at 12.) Namely, Defendants

8  contend Driscoll's Strawberry Associates is named on the patent documents but is not a party to

9  this suit. (*See id.*) In opposition, Driscoll's notes that it has "sufficiently alleged ownership of

10 the asserted patent, and will, indeed, prove this fact if contested at trial." (ECF No. 36 at 12 n.2.)

11          As it did in the Complaint, Driscoll's alleges in the FAC that "Driscoll's, Inc. was

12 formerly known as Driscoll Strawberry Associates, Inc." (ECF No. 33 ¶ 1.) The instant case is

13 still in the pleading stage and all reasonable inferences are to be construed in Driscoll's favor.

14 The reasonable inference is that Driscoll's Strawberry Associates, Inc., named as the assignee in

15 the patent documents attached to the FAC (*see* 33-1, 33-2, 33-3, 33-4) in support of Driscoll's

16 claims, is related to Driscoll's. Therefore, Driscoll's adequately alleges it owns the patents at

17 issue. As previously noted in the prior Order, however, Driscoll's must ultimately prove

18 ownership of the patents at issue in a future dispositive motion past the pleading stage or at trial.

19 (ECF No. 32 at 6 n.2.)

20                             *ii.*       *Whether the Patent Infringement Claim is Adequately Pleaded*

21          A patent infringement claim requires determination of whether an individual "(1) without

22 authority (2) makes, uses, offers to sell, sells, or imports (3) the patented invention (4) within the

23 United States, its territories, or its possessions (5) during the term of the patent." *Cal. Table*

24 *Grape Comm'n v. RB Sandrini, Inc.*, No. 1:06-cv-00842-OWW-TAG, 2007 WL 1847631, at *17

25 (E.D. Cal. Jun. 27, 2007) (citing *Van Well Nursery, Inc. v. Mony Life Ins. Co.*, 421 F. Supp. 2d

26 1321, 1334 (E.D. Wash. 2006)). Plant patent law specifically provides the plant patent "shall

27 include the right to exclude others from asexually reproducing the plant, and from using, offering

28 for sale, or selling the plant so reproduced, or any of its parts, throughout the United States, or

from importing the plant so reproduced, or any parts thereof, into the United States."  35 U.S.C. §

163.

   With respect to the first, second, fourth, and fifth elements, the Court found in its prior

Order that these were adequately pleaded in the Complaint.  (ECF No. 32 at 8.)  These allegations

have not changed in the FAC.  (ECF No. 33 ¶¶ 26, 35, 44, 53.)  Accordingly, the Court finds

these elements are adequately pleaded in the FAC and will only consider Defendants' arguments

with respect to the third element.

   As to the third element, Defendants argue Driscoll's allegations lack the requisite facts

explaining how Defendant produced an infringing plant.  (ECF No. 35 at 13.)  Defendants

contend Driscoll's allegations of "asexual reproduction with itself or another strawberry variety"

and other allegations using an "and/or" pleading format are inadequate.  (*Id.* at 13.)  In

opposition, Driscoll's argues the allegations in the FAC meet the requirements set forth in *Imazio*

as "they establish that the infringing . . . plants are asexual reproductions because they are 'the

progeny of the patented plant[s].'"  (ECF No. 36 at 13 (citing *Imazio Nursery, Inc. v. Dania*

*Greenhouses*, 69 F.3d 1560, 1569 (Fed. Cir. 1995).)   In reply, Defendants argue Driscoll's is

trying to evade this element by claiming use of their patented varieties alone constitutes

infringement.  (ECF No. 37 at 7.)

   The patent holder must prove under 35 U.S.C. § 163 "that the alleged infringing plant is

an asexual reproduction," meaning it is "the progeny of the patented plant via 'grafting, budding,

cuttings, layering, division and the like, but not by seeds.'"  *Imazio Nursery*, 69 F.3d at 1569

(reversing district court's holding of infringement, as the alleged infringing plant was not an

asexual reproduction of the patented plant, but rather an asexual reproduction of a plant with the

same essential characteristics as the patented plant); *Cal. Table Grape Comm'n*, 2007 WL

1847631, at *17; *Van Well Nursery, Inc.*, 421 F. Supp. 2d at 1334.

   In the FAC, Driscoll's alleges Defendants "obtained asexual reproductions of Driscoll's

[patented plant] variet[ies] for use in their breeding program."  (ECF No. 33 ¶¶ 24, 33, 42, 51.)

Defendants acquired asexual reproductions "by cutting one or more runners from [the patented

plant varieties] growing on the premises of Driscoll's growers and nurseries" and then grew the

8

1    progeny of the patented plants by various asexual processes, "such as budding, cuttings, layering,

2    division and the like." (*Id.*) Driscoll's provides breeding diagrams which purport to show

3    Defendants intentional uses of the patented plant varieties. (*Id.* at 8, 11, 13–14, 16–17.)

4           Driscoll's allegations are sufficient to state this claim because it alleges that "the alleged

5    infringing plant is an asexual reproduction . . . that it is the progeny of the patented plant." *Imazio*

6    *Nursery, Inc*, 69 F.3d at 1569 (citations omitted). Therefore, the Court finds Driscoll's has met

7    the pleading requirements for the patent infringement claims.

8                              *iii.*        *Piercing the Corporate Veil*

9           Defendants argue the corporate veil shields Shaw from liability because Driscoll's

10   allegations "consist of actions taken on behalf of CBC," not Shaw individually. (ECF No. 35 at

11   19.) In opposition, Driscoll's argues Shaw should be subject to personal liability for directing

12   CBC's breeding plans and personally writing emails detailing the implementation of these plans.

13   (ECF No. 36 at 16.)

14          "[O]fficers of a corporation are personally liable for tortious conduct of the corporation if

15   they personally took part in the commission of the tort or specifically directed other officers,

16   agents, or employees of the corporation to commit the tortious act." *Orthokinetics, Inc. v. Safety*

17   *Travel Chairs, Inc.*, 806 F.2d 1565, 1579 (Fed. Cir. 1986) (citation omitted). "The cases are

18   legion in which courts have recognized and imposed personal liability on corporate officers for

19   participating in, inducing, and approving acts of patent infringement." *Id.* (citing *White v. Mar-*

20   *Bel, Inc.*, 509 F.2d 287 (5th Cir. 1975)); *Rex Chainbelt, Inc. v. Gen. Kinematics Corp.*, 363 F.2d

21   336 (7th Cir. 1966)); *Fromson v. Citiplate, Inc.*, 886 F.2d 1300, 1304 (Fed. Cir. 1989).

22          In the FAC, Driscoll's makes new allegations that Shaw is responsible for Defendants'

23   infringement because "he planned to obtain Driscoll's strawberry varieties before the founding of

24   CBC in November 2013, directed the asexual propagation of [patented variety] plants for use in

25   breeding," and sent emails with "prepared breeding plans." (ECF No. 33 ¶ 28.) Driscoll's alleges

26   Shaw "had full authority to direct CBC's breeding operations as he saw fit" thus directing CBC's

27   officers, agents, or employees to act. (*Id.*)

28   ///

1    These allegations support a finding that Shaw "actively aid[ed] and abet[ed] the

2    corporation's infringement" and thus "may be personally liable for inducing infringement under §

3    271(b)² regardless of whether the corporation is the alter ego of the corporate officer."

4    *Orthokinetics, Inc.*, 806 F.2d at 1579 (citing *Power Lift, Inc. v. Lang Tools, Inc.*, 774 F.2d 478,

5    481 (Fed. Cir. 1985)).  Driscoll's therefore adequately pleads sufficient facts to find Shaw

6    personally liable for patent infringement.

7    Based on the foregoing, Defendants' Motion to Dismiss Claims Two through Five is

8    DENIED.

9    B.    <u>Claim Six: Intentional Interference with a Contract</u>

10    Driscoll's alleges Defendants "have intentionally interfered with the contractual

11    relationship between Driscoll's and one or more of its growers or nurseries through acts intended

12    and designed to induce breach and/or disruption of said contractual relationship — including by,

13    e.g., depriving Driscoll's of the exclusive benefit from the genetics of its proprietary strawberry

14    varieties and contravening the express terms of the contract."  (ECF No. 33 ¶ 65.)

15    Defendants contend Driscoll's fails to adequately allege the elements of the claim because

16    Driscoll's does not identify any actual contracts, how they were breached, what Defendants did to

17    interfere with these contracts, or who carried out any actions.  (ECF No. 35 at 20–21.)

18    Defendants further contend Driscoll's does not identify whether the contracts were "at will,"

19    which would then require pleading wrongful means.  (*Id.* at 22.)  Defendants finally argue federal

20    patent law preempts the claim.  (*Id.* at 22.)  In opposition, Driscoll's argues patent law does not

21    preempt interference claims because "the state law action [of intentional interference with actual

22    and prospective contractual relations] includes additional elements not found in the federal patent

23    law cause of action."  (ECF No. 36 at 18 (citing *Dow Chem. Co. v. Exxon Corp.*, 139 F.3d 1470,

24    1473 (Fed. Cir. 1998).)

25    The Court will first evaluate whether the claim is preempted and then address whether it is

26    adequately pleaded.

27    _____

² 35 U.S.C. § 271(b) provides that "[w]hoever actively induces infringement of a patent
28    shall be liable as an infringer."

1              *i.     Preemption*

2          There are three forms of federal preemption: (1) explicit preemption of state law by

3   Congress; (2) field preemption, where the "federal scheme may occupy a given field and thus

4   preempt state law in that field;" and (3) conflict preemption, where "compliance with both state

5   and federal law is impossible" and "the conflicting state law is preempted." *Univ. of Colo.*

6   *Found., Inc. v. Am. Cyanamid Co.*, 342 F.3d 1298, 1305 (Fed. Cir. 2003). "State law claims that

7   frustrate the objectives embodied in the federal patent scheme are subject to conflict preemption."

8   *See Gerawan Farming, Inc. v. Rehrig Pac. Co.*, No. 1:11-cv-01273 LJO, 2012 WL 691758, at *7

9   (E.D. Cal. Mar. 2, 2012) (discussing third form of preemption), *aff'd*, 587 F. App'x 654 (Fed. Cir.

10  2014). In patent cases, therefore, "federal preemption occurs whenever a state law impermissibly

11  attempts to provide patent-like protection to subject matter addressed by federal patent law." *Id.*

12         The Federal Circuit has held that "a state law tort claim is not preempted by the federal

13  patent law . . . provided the state law cause of action includes additional elements not found in the

14  federal patent law cause of action and is not an impermissible attempt to offer patent-like

15  protection to subject matter addressed by federal law." *Dow Chem. Co.*, 139 F.3d at 1473. To

16  determine whether a state claim is preempted, a court should consider the "objectives of the

17  federal patent laws" to: (1) "foster and reward invention"; (2) "promotes disclosure of inventions

18  to stimulate further innovation"; and (3) "assure that ideas in the public domain remain there for

19  the free use of the public." *Fortinet, Inc. v. Forescout Technologies, Inc.*, No. 20-cv-03343-

20  EMC, 2021 WL 5565836, at *19–20 (N.D. Cal. Nov. 29, 2021) (quoting *Hunter Douglas, Inc. v.*

21  *Harmonic Design, Inc.*, 153 F.3d 1318, 1333 (Fed. Cir. 1998)).

22         As discussed in more detail below, the elements of an intentional interference with a

23  contract claim differ considerably from the elements of a patent infringement claim. The tort

24  claim focuses on a contract at issue and a defendant's interference of it. Because Plaintiff's

25  intentional interference with a contract claim is "not an impermissible attempt to offer patent-like

26  protection to subject matter addressed by federal law," it is not preempted. *See Dow Chem. Co.*,

27  139 F.3d at 1473 (finding that a state law tort claim for intentional interference with actual and

28  prospective contractual relations is not preempted by federal patent law because it includes

11

1  additional elements not found in the federal patent law cause of action).

2                  *ii.*       *Elements of the Intentional Interference with a Contract Claim*

3        The elements of a claim for the tort of intentional inference with a contract include: "(1) a

4  valid contract between a plaintiff and a third party; (2) defendant's knowledge of this contract; (3)

5  defendant's intentional acts designed to induce a breach or disruption of the contractual

6  relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting

7  damage." *United Nat. Maint., Inc. v. San Diego Convention Ctr., Inc.,* 766 F.3d 1002, 1006 (9th

8  Cir. 2014) (citing *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118 (1990)).

9        This Court found in its previous Order that Driscoll's did not plead facts regarding the

10  third element to show how Defendants' acts of interference with such contracts were intentionally

11  designed to induce a breach or disruption.  (ECF No. 32 at 11.)  Nor did Driscoll's adequately

12  plead the other elements because it failed to allege which contracts were at issue, how Defendants

13  had knowledge of those contracts, and that there was an actual breach or disruption of the

14  relationship.  (*Id.*)

15        The Court finds Driscoll's minimal alterations to the FAC have not remedied these issues,

16  and thus Defendants' arguments that Driscoll's has failed to plead this claim still hold.  With

17  respect to the first element, Driscoll's does not allege which contracts are at issue — it just

18  plainly alleges Defendants "intentionally interfered with the contractual relationship between

19  Driscoll's and one or more of its growers or nurseries."  (ECF No. 33 ¶ 65.)  Further, with respect

20  to the fourth and fifth elements, if Driscoll's does not allege which contracts are at issue, it cannot

21  plead how there was an actual breach or disruption of the relationship, or how it was damaged in

22  this process.  Therefore, Driscoll's cannot and does not plead facts regarding the first, fourth, and

23  fifth elements to show there was a valid contract which Defendants' knew of and breached.  As

24  such, the Court again holds that Driscoll's has not pleaded "factual content that allows the [C]ourt

25  to draw the reasonable inference that the [D]efendant[s] [are] liable for the misconduct

26  alleged." *Iqbal*, 556 U.S. at 680.

27        Of note, the Court finds the remaining elements are adequately pleaded.  With respect to

28  the second and third elements, Driscoll's included new allegations that Shaw interacted with the

1   California Strawberry Commission and acknowledged Driscoll's contractual requirements it

2   places on growers and nurseries.  (ECF No. 33 ¶ 63.)  Driscoll's also maintains "a CBC officer

3   publicly acknowledged that acquiring Driscoll's proprietary strawberry requires a contract with

4   Driscoll's."  (*Id.*)  These facts show Defendants knew about Driscoll's contracts and the acts

5   designed to breach those contracts.  Accordingly, Defendants' Motion to Dismiss Claim Six is

6   GRANTED with leave to amend.  Should it file an amended complaint, Driscoll's must

7   adequately address the deficiencies as set forth above.

8                   C.      Claim Seven: Unfair Competition

9           Driscoll's alleges Defendants have engaged in a variety of unlawful, unfair, or fraudulent

10  practices including infringement of Driscoll's plant patent, interference with Driscoll's contracts

11  with its growers and nurseries, and the unlawful acquisition of Driscoll's proprietary strawberry

12  varieties.  (ECF No. 33 ¶ 70.)

13          Defendants contend that because the underlying intentional interference with a contract

14  claim fails, this claim fails too.  (ECF No. 35 at 25.)  Defendants argue this claim should be

15  dismissed or stricken as "redundant" under Rule 12(f), "as it does nothing more than allege that

16  Defendants' use of the strawberry varieties in their purported breeding program constitutes unfair

17  competition."  (*Id.*)  In opposition, Driscoll's argues the claim is not redundant because it is

18  premised on another claim and contains allegations necessary for the unfair competition claim.

19  (ECF No. 36 at 18.)  In reply, Defendant argues the claim should be dismissed because the

20  underlying claim should be preempted by patent law, thereby preempting this claim as well.

21  (ECF No. 37 at 13.)

22          California law prohibits "any unlawful, unfair or fraudulent business act."  Cal. Bus. &

23  Prof. Code § 17200.  "By proscribing any unlawful business practice, [§] 17200 borrows

24  violations of other laws and treats them as unlawful practices that the unfair competition law

25  makes independently actionable."  *Cel-Tech Commc'ns, Inc. v. L.A.Cellular Tel. Co.*, 20 Cal. 4th

26  163, 180 (1999) (internal citations and quotations omitted).  The "unlawful" practices prohibited

27  by this law include "any practices forbidden by law, be it civil or criminal, federal, state, or

28  municipal, statutory, regulatory, or court-made."  *Saunders v. Super. Ct.*, 27 Cal. App. 4th 832,

838–39 (1994) (citing *People v. McKale*, 25 Cal. 3d 626, 632 (1979)).

In the Court's previous order, the unfair competition claim was dismissed because it was premised on the failed intentional interference of a contract claim. Here, the same issue persists. Because the Court finds Driscoll's has failed to adequately plead the underlying intentional interference with a contract claim, the derivative unfair competition claim is inadequately pleaded as well. Accordingly, Defendants' Motion to Dismiss Claim Seven is GRANTED with leave to amend.

D.      Claim One: Declaratory Relief

Driscoll's alleges this controversy "is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." (ECF No. 33 ¶ 19.) Driscoll's seeks a declaratory judgment confirming that (1) unauthorized use of their patented varieties by Defendants constitutes patent infringement, (2) that Driscoll's the rightful owner of the intellectual and tangible property rights in the proprietary strawberry varieties, and (3) that Defendants are not bona fide purchasers of the proprietary strawberry varieties. (*Id.* at ¶ 20.)

Defendants move to strike this claim as redundant, arguing that with respect to the first two issues there is no controversy about who owns the patent rights as Driscoll's clearly does, so the Court need not declare Driscoll's as the rightful owner. (ECF No. 35 at 23–24.) With respect to the third issue, further, Defendants argue "it is not clear what the alleged controversy is" or its relevancy to Driscoll's claims. (*Id.*) In opposition, Driscoll's argues the Court has previously held this claim should not be dismissed as it is identical to the claim in the original Complaint and Defendants have repeated the same unpersuasive arguments. (ECF No. 36 at 11–12.) In reply, Defendants argue the claim is different, as the FAC includes new allegations as to patent infringement and interference, thus the relief should be stricken. (ECF No. 37 at 14.)

"Claims for declaratory relief . . . are ultimately prayers for relief, and not causes of action." *Javaheri v. JP Morgan Chase Bank, N.A.*, No. 2:10-cv-08185-ODW (FFMx), 2012 WL 3426278 at *8 (C.D. Cal. Aug. 13, 2012) (citing *Lane v. Vitek Real Est. Indus. Grp.*, 713 F. Supp. 2d 1092, 1104 (E.D. Cal. 2010)). 28 U.S.C. § 2201 provides, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any

14

1   interested party seeking such declaration, whether or not further relief is or could be sought."

2   "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and

3   settling the legal relations in issues nor terminate the proceedings and afford relief from the

4   uncertainty and controversy faced by the parties."  *U.S. v. Wash.*, 759 F.2d 1353, 1357 (9th Cir.

5   1985) (citations omitted).  A claim for declaratory relief is unnecessary where an adequate

6   remedy exists under another cause of action.  *Mangindin v. Wash. Mut. Bank*, 637 F. Supp. 2d

7   700, 707 (N.D. Cal. 2009).

8          This Court previously held the declaratory relief claim was not redundant because

9   Driscoll's "seeks a different form of relief from its other claims."  (ECF No. 32 at 15.)  Namely,

10  Driscoll's patent infringement, intentional interference with a contract, and unfair competition

11  claims seek redress in the form of an injunction, a constructive trust, damages, restitution, and

12  attorneys' fees and costs (*see* ECF No. 33 at 22–23), while the declaratory relief claim seeks a

13  declaration as set forth above.  Driscoll's other claims seek an injunction, constructive trust,

14  damages, and restitution to redress current and past wrongs, while Driscoll's declaratory relief

15  claim goes one step further to define the rights and duties of Driscoll's and Defendants.  As this

16  claim seeks a different form of relief, the Court again cannot conclude the claim is redundant.

17         Accordingly, Defendants' Motion to Strike Claim One is DENIED.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

### IV.   CONCLUSION

For the aforementioned reasons, the Court hereby GRANTS in part and DENIES in part Defendants' Motion to Dismiss and Motion to Strike (ECF No. 34) as follows:

1.  Defendants' Motion to Strike Claim One is DENIED;

2.  Defendants' Motion to Dismiss Claims Two through Five is DENIED; and

3.  Defendants' Motion to Dismiss Claims Six and Seven is GRANTED with leave to amend.

Driscoll's may file an amended complaint within thirty (30) days of the electronic filing date of this Order.  Defendants' responsive pleading is due within twenty-one (21) days of the electronic filing date of Driscoll's amended complaint.

IT IS SO ORDERED.

**DATED:**  March 29, 2022

Troy L. Nunley
United States District Judge

16