UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRISCOLL'S, INC., et al., | No. 2:19–cv–00493–TLN–CKD |
| Plaintiffs, | ORDER ON MOTION TO COMPEL |
| v. | (ECF Nos. 66, 68) |
| CALIFORNIA BERRY CULTIVARS, LLC, et al., | |
| Defendants. | |

  Presently before the court is plaintiffs' motion to compel defendants California Berry Cultivars, LLC ("CBC"), and Dr. Douglas Shaw to provide further responses to interrogatories and to produce further documents, currently set for hearing on August 17, 2022.[1] (ECF Nos. 66, 71.) Plaintiffs originally filed with their motion an Affidavit in Lieu of a Joint Statement and an opening brief in support (ECF Nos. 67, 67.1), along with a request to seal or file redacted versions of multiple attachments (ECF No. 68). Two days later, defendants filed a response objecting that they were given insufficient time to contribute to a draft joint statement but that they were still willing to do so and would be producing responsive documents the following week. (ECF No. 69.) Accordingly, the court ordered the parties to meet and confer after the forthcoming production and then to file a Joint Statement advising the court what (if any) issues raised in the

---

[1] The matter was referred to the undersigned pursuant to Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1

motion still required judicial intervention.[2]  (ECF No. 71.)  The parties filed a Joint Statement, along with supporting declarations and exhibits, on August 10, 2022.  (ECF No. 72.)  Upon review of these materials, the court finds that the motion can be decided without oral argument.  For the following reasons, the court DENIES plaintiffs' motion without prejudice and VACATES the August 17, 2022, hearing on the motion.

Plaintiffs' motion seeks an order to compel defendants to (A) produce further documents responsive to Requests for Production ("RFPs") Nos. 1, 2, 3, 5, 11, 12, 13, and 15, and (B) provide further responses to Interrogatories Nos. 1 and 3. (ECF No. 72, Joint Statement ("JS") at 5.)  The court concludes that, as to most of the RFPs, judicial intervention is premature because the parties have not adequately met and conferred; and as to the Interrogatories and related RFPs, plaintiffs do not demonstrate why further responses or production should be compelled.

**RFPs 1, 2, 3, 5, 11, and 12**

As originally presented in plaintiffs' opening brief, this motion sought to compel defendants "to produce many documents that they agreed to produce many months ago and certain other documents that support claims they have made in their own interrogatory responses." (Brief at 6.)  Other than the interrogatory-related production, the court and defendants therefore understood this dispute to be focused on compelling defendants' production of "the CBC documents that were agreed to be produced" back in July 2019 and February 2022.  (JS at 6-7; see ECF No. 67.19 at 8, 10, 13.)  In July 2019 and February 2022, defendants agreed to produce a subset of materials responsive to plaintiffs' RFPs, subject to numerous objections lodged.  According to defense counsel, plaintiffs never challenged the narrowed scope of production promised in these RFP responses until this Joint Statement; and plaintiffs do not dispute this contention.  Defense counsel remains open to continuing to negotiate a compromise

---

[2] The court deferred ruling on the request to seal, noting an intent to strike the documents submitted under seal if not relied upon in the subsequent briefing, and further requiring that the party seeking protection justify the need for the documents to be sealed or redacted.  (ECF No. 71, ¶ 5.)  The parties filed on the docket, as public attachments to the Joint Statement most of the documents previously sought to be filed under seal or with redactions.  Therefore, the court denies as moot the request to seal (ECF No. 68) and does not order the filing of the documents emailed to the court with the original motion to compel.

with respect to the proper scope of production appropriate for the subject RFPs, but it does not appear they were given the chance until plaintiffs sent their portion of the draft joint statement two business days before the filing deadline.  Defendants appear to have produced the subset of documents that they originally agreed to produce—which was all that plaintiffs requested in their meet and confer up to the filing of this motion.  The court trusts that the parties can use their respective positions outlined in the Joint Statement to substantively meet and confer on the proper scope of responsive production and to give defendants the chance to produce documents, and to amend or supplement their written responses to the RFPs, accordingly.

The court therefore declines to rule on the sufficiency of defendants' production or written responses for RFP Nos. 1, 2, 3, 5, 11, and 12 for failure to meet and confer in a good faith effort to independently resolve these discovery disputes before seeking judicial intervention.  As to these RFPs, the motion to compel is denied without prejudice to renewal upon demonstration of adequate meet and confer on the underlying substantive disputes.

**Interrogatories 1 & 3 and RFPs 13 & 15**

The second aspect of this discovery motion is ready for judicial consideration, although the court is not persuaded that an order to compel should issue at this time.  Plaintiffs seek to compel further responses to Interrogatories Nos. 1 & 3, specifically to compel defendants to "disclose the source from whom CBC, Shaw, or their agents obtained Marquis, Lusa, or Amesti," the three patented strawberry varieties at issue in the currently operative complaint.  (JS at 5.)  Though phrased differently, Interrogatory No. 3 (as defendants have objected) duplicates part of Interrogatory No. 1.[3]  Accordingly, the court addresses only Interrogatory No. 1, but the analysis applies equally to No. 3.

---

[3] Interrogatory No. 1 is multi-part, asking both (A) what Driscoll's plant material has been "imported, asexually reproduced, sold, offered for sale, and/or otherwise used" by CBC and (B) for a description of "who undertook such conduct, where and when such conduct took place, and how such [plant material] was obtained and from whom it was obtained."  (ECF No. 72.6 at 5.)  Interrogatory No. 3 is more limited and overlaps with No. 1 in requesting a description of "how [the plant material] was acquired by Defendants, including identifying the source, manner, time, and place of acquisition, and from whom it was obtained, whether in the U.S. or abroad."  (ECF No. 72.7 at 8.)

CBC originally responded to Interrogatory No. 1 with a series of objections, subject to which it stated it "has not imported, asexually reproduced, sold, offered for sale, and/or otherwise used in the United States any of the patented Driscoll's strawberry varieties that are the subject of this action." (ECF No. 72.6 at 9.) At plaintiffs' insistence, CBC provided a supplemental response to Interrogatory No. 1 "to provide further detail about why it did not have responsive information." (JS at 19.) CBC's lengthy supplemental response explained that in 2015 and 2016 it received new strawberry varieties from an entity called International Semillas, LLC, which it is "informed and believes" created those new varieties in Spain "by cross-pollinating a number of publicly or commercially available strawberry varieties acquired in Spain, including certain Driscoll's Varieties." (ECF No. 72.6 at 10.) Therein, CBC denies any involvement in determining or directing where or how International Semillas should procure the Driscoll's Varieties or any other varieties of strawberries, "other than to state that all procurement should be by legal means"; and CBC denies providing any Driscoll's plant materials to International Semillas. (Id.) After completing the crossbreeding in Spain, International Semillas then caused the seeds from the 2015 and 2016 breeding years to be delivered to CBC in California. (Id. at 12.) CBC also reiterated that it "has not asexually reproduced any of the patented Driscoll's strawberry varieties that are the subject of this action . . . , or imported, sold, offered for sale, and/or otherwise used in the United States any such plants so reproduced." (Id. at 9.)

In the present Joint Statement, plaintiffs give no argument as to why CBC's supplemental response is inadequate under the discovery rules or case law. It appears that plaintiffs only take issue with CBC's statement that it "is informed and believes" that International Semillas acquired certain Driscoll's varieties from public or commercially available sources, without then providing any "corroboration" for this belief. (JS at 11.) Plaintiffs argue that they are "entitled to discovery into the support for Defendants' assertion that other entities were responsible, how they acquired Driscoll's plants, and whether those acquisitions were lawful. If Defendants do not have such support, Defendants should be required to say so." (Id.) However, this argument goes to the question of the sufficiency of the related document production (a question the court addresses next), not the sufficiency of the interrogatory response itself. Plaintiffs give no argument in

support of their request for "further responses to Interrogatory Nos. 1 and 3 that disclose the source from whom CBC, Shaw, or their agents obtained Marquis, Lusa, or Amesti." (JS at 5.) CBC's verified responses to Interrogatories Nos. 1 and 3 state that CBC did not, itself, import or use any of the subject strawberry varieties; and they explain how that could be the case even though some of CBC's strawberry varieties may derive from Driscoll's parent plants. Plaintiffs fail to persuade the court that CBC's interrogatory responses must also address how a third party (International Semillas) may have acquired Driscoll's varieties.

      The main thrust of plaintiffs' argument in this motion is that CBC should be compelled to produce *documents* showing where this or other third parties got the Driscoll's varieties used in Spain. RFP Nos. 13 and 15 appear to be the corresponding document requests—seeking documents showing how and from whom Driscoll's plant material was obtained or acquired by defendants. (ECF No. 72.10 at 10, 14.) Plaintiffs argue that defendants have failed to produce any documents related to the acquisition of Driscoll's plant material and that they should be compelled to search for and produce responsive documents in the possession of International Semillas—or other, related third parties—over whom plaintiffs believe CBC can exercise some level of control. (JS at 11-15, 18.) Plaintiffs cite information from CBC's supplemental response to Interrogatory No. 1 and various documents previously produced to support its position that International Semillas is a "shell company" wholly owned by another company called Eurosemillas, with whom defendant Dr. Shaw and CBC contracted to perform their desired crossbreeding in Spain. (JS at 12-13.) Plaintiffs argue that because Dr. Shaw and CBC directed these entities and their individual representatives on how to perform the crossbreeding, these entities and individuals should be deemed defendants' agents, from whom defendants must procure responsive documents. (JS at 12-13, 15.)

      Plaintiffs' arguments fail to persuade. All that plaintiffs allege in the Joint Statement is that (1) CBC contracted with Eurosemillas and/or International Semillas to perform crossbreeding in Spain and to deliver the resulting seeds to CBC in California, (2) CBC instructed them on how the crossbreeding was to be done, and (3) International Semillas is a member of CBC (which is an LLC) and owns a 22% interest in CBC. Even assuming these alleged facts gave rise to an agency

relationship, the mere existence of an agency relationship at some point does not automatically require a responding party to procure documents from all purported agents.

Under Rule 34, a party may request production of documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Plaintiffs do not convince the court that defendants have "control" over whatever responsive documents may be in the possession of Eurosemillas, International Semillas, or those companies' officers or representatives. As firmly established by the many cases defendants cite in opposition, "[c]ontrol is defined as the legal right to obtain documents upon demand." In re Citric Acid Litig., 191 F.3d 1090, 1107 (9th Cir. 1999) (quoting United States v. International Union of Petroleum & Indus. Workers, 870 F.2d 1450, 1452 (9th Cir. 1989)); see, e.g., Matthew Enter., Inc. v. Chrysler Grp. LLC, 2015 WL 8482256, at *3 (N.D. Cal. Dec. 10, 2015) (applying legal control test in Rule 34 motion to compel). A party cannot be compelled to produce (or search for) documents in a non-party's possession if the holder "could legally—and without breaching any contract—continue to refuse to turn over such documents" to the party from whom discovery is being requested. In re Citric Acid Litig., 191 F.3d at 1108. The Ninth Circuit hews to this "legal control test" to the exclusion of a looser "practical-ability-to-obtain-documents test." Id. at 1107-08. And it is the propounding party's burden to prove that the opposing party has such control. International Union, 870 F.2d at 1452.

Plaintiffs do not address the legal control test and fail to demonstrate how CBC or Dr. Shaw have a "legal right to obtain" from any of the mentioned third parties "documents upon demand." See id. at 1107. Plaintiffs do not argue that the various service contracts contain any such provision, and defendants attach a declaration by CBC's Director of Research and Development averring that "CBC did not enter any agreement authorizing CBC to demand documents or information from either International Semillas or Eurosemillas." (ECF No. 72.35, VandenLangenberg Decl. ¶ 6.) The fact that defendants have already (unsuccessfully) *requested* that these third parties keep and forward documentation about the acquisition of the crossing material used in Spain does not mean that defendants have a legal right to that documentation. (See id.; see also JS at 13.) In addition, the fact that International Semillas and its representative Javier Cano refused to produce discovery in response to a third-party subpoena issued by

6

plaintiffs in the prior UC Litigation fails to show why CBC or Dr. Shaw should be responsible for procuring that discovery from them in this litigation. Judge Chhabria's sanctions order in the UC Litigation was directed to the subpoena recipients, International Semillas and Mr. Cano—not to defendants. (ECF No. 72.18 at 2.) If plaintiffs wish to reach the same result in this case, it seems they should be seeking discovery directly from the relevant third parties, not "outsourcing" it to defendants.

Because plaintiffs have not carried their burden to show that defendants have a legal right to obtain the desired acquisition-related documents from the identified third parties, the motion to compel is denied as to Interrogatories Nos. 1 and 3 and the related document requests. The motion is denied without prejudice to renewal with a stronger showing of defendants' control.

For these reasons, IT IS ORDERED THAT:

1. Plaintiffs' motion to compel (ECF No. 66) is DENIED without prejudice;
2. The August 17, 2022, hearing on the motion is VACATED; and
3. Plaintiffs' request to seal (ECF No. 68) is DENIED as moot.

Dated: August 12, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.dris.0493