UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRISCOLL'S, INC., ET AL, | No. 2:19-cv-00493-TLN-CKD |
| Plaintiffs, | |
| v. | ORDER |
| CALIFORNIA BERRY CULTIVARS, LLC, ET AL, | |
| Defendants. | |

Presently pending before this court is plaintiffs' motion to compel defendants' financial documents. (ECF No. 83.) Plaintiffs' motion is scheduled to be heard at 10:00 a.m. on March 20, 2024, before the undersigned. Defendants argue that plaintiffs' motion should be denied because it is untimely. (ECF No. 84.) The undersigned agrees with defendants and denies plaintiffs' motion without prejudice.

Pursuant to the district judge's scheduling order, fact discovery was to have been completed on February 23, 2024. (See ECF No. 3 at 2, "[a]ll discovery, with the exception of expert discovery, shall be completed no later than two hundred forty (240) days from the date upon which the last answer may be filed with the Court"; ECF Nos. 80-81, counter-defendants' answers filed June 28, 2023.) (See also ECF No. 86 at 2, stipulated order stating the parties "are currently engaged in fact discovery with a fact discovery deadline of February 23, 2024.")

"'Completed' means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary, and where discovery has been ordered, the order has been obeyed." (ECF No. 3 at 2.) Here, plaintiffs' motion to compel was filed on February 20, 2024, and set to be heard on March 13, 2024; i.e., over two weeks past the February 23, 2024, cut-off. (ECF No. 83.) Therefore, plaintiffs' motion is untimely.

The undersigned is not persuaded by plaintiffs' assertion that the "the Court has extended fact discovery through next month for the purposes of taking previously noticed depositions." (ECF No. 88 at 2.) The stipulation signed by the assigned district judge allows certain depositions to occur after the close of fact discovery. (ECF No. 86.) Nothing in the stipulation addressed the cut-off for requests for production or document discovery, nor did it extend the deadline for plaintiffs' motion to compel.

Plaintiffs cite to Villery v. Jones to support their argument that a motion to compel may be heard after its discovery cut-off upon a showing of excusable neglect. (See ECF No. 88 at 2, citing No. 1:15-cv-01360-DAD-HBK, at *2 (E.D. Cal. Jun. 25, 2021).) The undersigned is not convinced that Villery is applicable here. In Villery, the plaintiff was a pro se prisoner pursing a civil rights action, and thus exempt from Rule 16's mandatory scheduling requirement by Local Rule. See L.R. 240(c)(8). Further, that case took place before the district court in Fresno, where magistrate judges are authorized to conduct pretrial scheduling conferences in civil matters per Local Rule 302(c)(13). Thus, plaintiffs' argument is not well supported.

Accordingly, because plaintiffs' motion to compel is untimely, plaintiffs' motion to compel, ECF No. 83, is DENIED. The hearing currently set for March 20, 2024, at 10:00 a.m. before the undersigned is VACATED.

IT IS SO ORDERED.

Dated:  March 13, 2024

March 14, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21,dris.0493