UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRISCOLL'S, INC. and DRISCOLL'S OF EUROPE B.V.,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA BERRY CULTIVARS, LLC and DOUGLAS SHAW<br><br>Defendants. | No. 2:19-cv-00493-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on Defendants California Berry Cultivars, LLC and Douglas Shaw's (collectively, "Defendants") Motion for Sanctions. (ECF No. 120.) Plaintiffs Driscoll's, Inc. and Driscoll's of Europe B.V. (collectively, "Driscoll's"[1]) filed an opposition. (ECF No. 126.) Defendants filed a reply. (ECF No. 134.) For the reasons set forth below, Defendants' motion is DENIED.

///

///

---

[1] The singular "Driscoll's" is how Plaintiffs Driscoll's, Inc. and Driscoll's of Europe B.V. refer to themselves in the Second Amended Complaint, and the Court refers to them the same here.

1

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The Court need not address the factual background of this action, as it is set forth fully in the Court's prior order. (ECF No. 148.) In short, Driscoll's holds various strawberry patents and alleges Defendants infringed on several of these patents. (*Id.* at 2.) Driscoll's filed the initial Complaint on March 29, 2019. (ECF No. 1.) Driscoll's filed the operative Second Amended Complaint on April 29, 2022. (ECF No. 59.)

On July 26, 2019, Driscoll's identified its then-President Soren Bjorn ("Bjorn") as a witness with discoverable knowledge regarding Driscoll's background, proprietary strawberry varieties, patents at issue, contracts and policies, relationships with growers and nurseries, and damages. (ECF No. 120 at 4.) In January 2024, Bjorn was promoted to Chief Executive Officer ("CEO"). (ECF No. 126 at 5.) On January 16, 2024, Defendants noticed the deposition of Bjorn to occur on February 9, 2024. (*Id.* at 5.) That same day, Driscoll's objected to Bjorn's deposition on the basis that Bjorn was an apex witness. (*Id.*) Driscoll's offered to provide Rick Harrison ("Harrison"), Driscoll's Vice President of Global Variety Development, in Bjorn's place and represented Harrison would be prepared with the same information as for which Bjorn had been disclosed. (ECF No. 126 at 5.) On January 22, 2024, Driscoll's amended its initial disclosures to replace Bjorn's name with Harrison's. (ECF No. 120 at 5.)

On January 29, 2024, Driscoll's sent a letter to Defendants further explaining its objections to Bjorn's deposition, asserting, among other things, Bjorn's "significant day-to-day responsibilities" prevented his appearance. (*Id.* at 5–6.) On February 9, 2024, Defendants responded, stating: "To the extent that Driscoll's refuses to produce Mr. Bjorn for deposition, please confirm in writing that it will not seek to present him as a witness or introduce his testimony or communications at trial. Alternatively, we will move to compel his deposition." (*Id.* at 6.) Driscoll's responded promptly, stating: "We can also confirm that we will not seek to present testimony from Mr. Bjorn at trial, if the request for his deposition is dropped." (ECF No. 126 at 6.)

On February 22, 2024, the parties stipulated that depositions previously noticed, including that of Bjorn, could go forward after the date for the close of fact discovery. (ECF No. 120 at 6.)

1  On March 14, 2024, Defendants issued an amended deposition notice for Bjorn's deposition to
2  occur on March 27, 2024. (*Id.*; ECF No. 126 at 6.) This notice came one day after Driscoll's
3  rejected a mediation offer from Defendants. (ECF No. 126 at 6.) Driscoll's promptly responded,
4  reiterating its objection to Bjorn's deposition. (*Id.*)

5  On March 25, 2024, Driscoll's filed an "Objection to and Motion for Protective Order
6  Regarding Soren Bjorn" but did not submit a joint discovery statement as required by Local Rule
7  251(c) and did not notice a hearing date as required by L.R. 251(a). (ECF No. 120 at 7.) Bjorn
8  did not appear for deposition, and Defendants recorded a notice of nonappearance. (ECF No. 120
9  at 7.) On June 4, 2024, Defendants filed a motion for sanctions requesting monetary and
10  evidentiary sanctions. (ECF No. 120.)

11  **II.    STANDARD OF LAW**

12  Pursuant to Federal Rule of Civil Procedure ("Rule") 37, if a party "fails to obey an order
13  to provide or permit discovery ... the court where the action is pending may issue further just
14  orders." Fed. R. Civ. P. 37(b)(2)(A). "Just orders" may include the following: (i) directing that
15  the matters embraced in the order or other designated facts be taken as established for the
16  purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from
17  supporting or opposing designated claims or defenses, or from introducing designated matters in
18  evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the
19  order is obeyed; (v) dismissing the action or proceedings in whole or in part; (vi) rendering a
20  default judgment against the disobedient party; or (vii) treating as contempt of court the failure to
21  obey any order except an order to submit to a physical or mental examination. *Id*.

22  The Ninth Circuit explained, "[Rule] 37 authorizes the district court, in its discretion, to
23  impose a wide range of sanctions when a party fails to comply with the rules of discovery or with
24  court orders enforcing those rules." *Wyle v. R.J. Reynolds Indus., Inc*., 709 F.2d 585, 589 (9th
25  Cir. 1983) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc*., 427 U.S. 639, 643 (1976)).
26  In addition, Rule 37 provides for an award of monetary sanctions: "[T]he court must order the
27  disobedient party, the attorney advising that party, or both to pay the reasonable expenses,
28  including attorney's fees, caused by the failure, unless the failure was substantially justified, or

3

other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Notably, "sanctions may be imposed even for negligent failure to provide discovery." *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1343 (9th Cir.1985) (citing *Lew v. Kona Hosp.*, 754 F.2d 1420, 1427 (9th Cir. 1985); *Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1978)).

### III.  ANALYSIS

Defendants argue sanctions against Driscoll's are warranted because Bjorn's failure to appear for a deposition was not substantially justified.[2] (ECF No. 120 at 3–4.) Defendants contend Bjorn is an appropriate and even important witness for deposition given Bjorn's nearly two decades of experience leading and participating in Driscoll's breeding, patenting, and contracting efforts — issues central to this litigation. (*Id*. at 5.) Defendants request an award of $18,603.50 in monetary sanctions and leave to submit a permissive adverse-inference instruction regarding Bjorn's nonappearance. (*Id*. at 6.)

In opposition, Driscoll's argues Defendants' motion for sanctions is an improper and abusive extension of Defendants' harassing conduct because Driscoll's was substantially justified in objecting to the deposition of Bjorn as an apex witness. (ECF No. 126 at 5.) At the time of Driscoll's initial disclosures and until January 2024, Bjorn was President of International Business and Global Technologies. (*Id.*; *see also* ECF No. 120 at 4–5.) Effective January 2024, Bjorn became CEO, a position above President in the corporate hierarchy. (*Id.*; *see also* ECF No. 120 at 4–5.) Thus, Driscoll's argues Defendants have not established that Bjorn could be deposed under the apex doctrine. (ECF No. 126 at 7.)

When a party seeks the deposition of a high-level executive (a so-called "apex" deposition), courts have "observed that such discovery creates a tremendous potential for abuse or harassment." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012).

---

[2] Defendants argue sanctions are warranted for several reasons including: the parties stipulated Bjorn's deposition would go forward; Driscoll's could have but failed to use the procedures designated by the Court to postpone the deposition; and no agreement existed that Bjorn's deposition would not go forward such that a nonappearance was justified. (See ECF Nos. 120 and 134.) Because the Court finds Driscoll's had substantial justification to object to the deposition of Bjorn based on the apex doctrine at all times relevant herein, the Court does not address the other arguments.

"For that reason, parties seeking to depose a high-ranking corporate officer must first establish that the executive (1) has unique, non-repetitive, firsthand knowledge of the facts at issue in the case, and (2) that other less intrusive means of discovery, such as interrogatories and depositions of other employees, have been exhausted without success." *Bicek v. C&S Wholesale Grocers, Inc.*, No. 2:13-cv-0411-MCE-KJN, 2013 WL 5425345, at *4 (E.D. Cal. Sept. 27, 2013) (internal citation and quotation omitted); *see Apple Inc.*, 282 F.R.D. at 264 ("The court therefore looks first to the relative position of the proposed witness in the company and within his sub-organization, second to the materiality and uniqueness of the witness' likely knowledge, and third to the availability or exhaustion of other less burdensome discovery methods."). "[I]n the context of apex depositions, courts have generally required the party noticing the deposition to make at least some preliminary showing that the deponent has unique, non-repetitive, firsthand knowledge of facts at issue in the case." *Bicek*, 2013 WL 5425345, at *5.

To determine whether Driscoll's was substantially justified in objecting to Bjorn's deposition as an apex witness, the Court will assess whether Defendants have (1) proven Bjorn has unique, non-repetitive, firsthand knowledge and (2) exhausted less intrusive means of discovery.

### i.  *Unique, Non-Repetitive, Firsthand Knowledge*

Defendants argue an apex witness can be deposed when the witness has personal knowledge of a relevant fact. (ECF No. 134 at 4 (citing *Groupion, LLC v. Groupon, Inc.*, No. 11-0870-MEJ, 2012 WL 359699 at *2 (N.D. Cal. Feb. 2, 2012).)  Defendants contend Bjorn's personal knowledge of relevant facts is evidenced by his inclusion in Driscoll's initial disclosures as well as his experience leading Driscoll's research and breeding efforts. (*Id.* at 5.)

Driscoll's argues Bjorn does not have unique, firsthand knowledge. (ECF No. 126 at 7–8.) Driscoll's contends Bjorn was included in its initial disclosures at the outset of the case in 2019 as a company representative who could provide general testimony about the company's history and background. (ECF No. 126 at 8.) Driscoll's argues the fact that Driscoll's amended its disclosures to replace Bjorn's name with Harrison's to provide the same general testimony about the company's history and background demonstrates that Bjorn's knowledge is limited to

5

1  "secondhand" information. (*Id*. at 6–7.) Driscoll's emphasizes Bjorn is not an inventor on any of
2  the asserted patents and lacks unique firsthand knowledge of how the varieties were discovered,
3  tested, and commercialized. (*Id.* at 6.) Finally, Driscoll's asserts none of the documents in the
4  parties' productions reflect communications to or from Bjorn. (*Id.*)

5  As an example of what information Defendants could have provided that would have
6  established that Bjorn had the requisite knowledge to warrant his deposition, the Court looks to
7  *Apple*, 282 F.R.D. 259. There, the court determined Apple had proffered sufficient evidence
8  suggesting unique knowledge of apex witnesses where Apple had provided email evidence in
9  which the witness made direct orders regarding the claims at issue and email communications that
10 apex witnesses had authored or sent. *Id*. at 267–268. Specifically, the court determined the apex
11 witnesses had unique, first-hand knowledge regarding their own intent and meaning in issuing
12 directives or communications. *Id*. Further, the court also determined Apple had proffered
13 sufficient evidence suggesting unique knowledge of apex witnesses where the apex witnesses had
14 been named by others in deposition as being responsible for certain decisions. *Id*.

15 Here, the Court finds the fact that Bjorn was included in Driscoll's initial disclosures is
16 insufficient to establish unique, first-hand knowledge. *See In re Google Litig.,* No. C 08-03172
17 RMW PSG, 2011 WL 4985279, at *2 (N.D. Cal. Oct. 19, 2011) (denying the request to depose an
18 apex witness, despite their inclusion in the initial disclosures). Defendants' conclusory assertions
19 about the tenure or nature of Bjorn's employment with Driscoll's are also insufficient. *See Apple*,
20 282 F.R.D. at 266. Because Defendants fail to provide anything more, Defendants have not
21 established Bjorn possesses unique, firsthand knowledge such that his deposition would be
22 warranted.

23        ii. *Less Intrusive Means of Discovery*

24 Even if Defendants had shown Bjorn possesses unique, firsthand knowledge, Defendants
25 fail at the second step to show they exhausted less intrusive means of discovery.

26 Driscoll's argues to succeed in obtaining testimony from an apex witness such as Bjorn,
27 defendants would first need to establish that they exhausted their avenues with Harrison. (ECF
28 No. 126 at 8.) In reply, Defendants largely fail to address whether they have exhausted less

intrusive means of discovery without success. (*See* ECF No. 134.) Instead, Defendants insist that because Driscoll's identified Bjorn in its initial disclosures, Driscoll's are obligated to produce him for deposition. (ECF No. 134 at 2–5.)

The Court finds Defendants' argument unpersuasive. Defendants have not provided any evidence that they sought any less intrusive means of discovery to obtain the information they seek. Notably, it appears Defendants deposed Harrison and have not argued that his deposition was insufficient. (*See* ECF No. 134; ECF No. 146-3.) Therefore, Defendants have not established less intrusive means of discovery were exhausted without success such that the deposition of Bjorn would be warranted. *See In re Google Litig.,* 2011 WL 4985279, at *2 (denying the request to depose an apex witness because the deposing party failed to prove exhaustion of less intrusive discovery methods); *Groupion,* 2012 WL 359699, at *3 ("Moreover, even if they did have such knowledge, Groupion has not established that other less intrusive means of discovery, such as interrogatories, have been exhausted without success.").

Because Defendants have failed to prove Bjorn possesses unique, non-repetitive, firsthand knowledge and did not exhaust less intrusive means of discovery, the Court concludes Driscoll's was substantially justified in objecting to Bjorn's deposition. Accordingly, the Court DENIES Defendants' Motion for Sanctions.

**IV. CONCLUSION**

For the foregoing reasons, the Court hereby DENIES Defendants' Motion for Sanctions. (ECF No. 120.)

IT IS SO ORDERED.

Date: March 10, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE